UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANSELMO MARTIN MATIAS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-02564-DAD-EFB

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 2)

On April 4, 2026, petitioner Anselmo Martin Matias filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that:  he most recently entered the United States in October 2018; DHS placed him in withholding only proceedings after reinstating a prior order of removal from 2009; on June 27, 2019, an immigration judge granted him bond for $16,000; on or about June 29, 2019, petitioner posted his bond and was released from detention; in March 2025, he pled guilty to reckless driving in violation of California Vehicle Code § 23013.5; and on February 24, 2026, petitioner attended his routine ICE check-in where he was told that he was being detained because he had "broken the rules" due to his March 2025 offense which they inaccurately described as "driving under the influence."  (*Id.* at 6.)

1

Petitioner seeks immediate release, reinstatement of his prior bond order, a hearing before a neutral adjudicator prior to any re-detention, and reasonable costs and attorney's fees. (*Id.* at 29.) On April 5, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

On April 6, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 9.) Respondents state that after petitioner was released on bond, he was issued an Order of Supervision Addendum, which notified petitioner that his release was contingent upon not committing any crimes. (*Id.* at 2.) Respondents do not oppose this court ruling on the underlying petition based upon the briefing currently before the court. (*Id.*)

The court is persuaded by the reasoning in *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021 (N.D. Cal. 2025) and *Patlan-Gomez v. Wofford*, No. 1:25-cv-02072-DC-EFB (HC), 2026 WL 632510 (E.D. Cal. Mar. 6, 2026) that where, as here, the petitioner has a final order of removal, has subsequently been released on bond, and is later re-detained based on the unilateral determination by immigration officials that the petitioner violated supervision conditions without a determination by a neutral arbitrator, due process requires petitioner's release from custody. *Patlan-Gomez*, 2026 WL 632510, at *4–5.

Accordingly, pursuant to the court's reasoning as stated in *Guillermo M. R.* and *Patlan-Gomez* and adopted herein, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part;

    a. Respondent is ORDERED to immediately release petitioner Anselmo Martin Matias, A-File No. 089-834-532, from respondent's custody on the same conditions he was subject to immediately prior to his February 24, 2026 re-detention;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

   c. Petitioner's request for costs and attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

  2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting him habeas relief;

  3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

  4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:  **April 24, 2026**      _Dale A. Drozd_   
               DALE A. DROZD
               UNITED STATES DISTRICT JUDGE